T.C. Memo. 2003-341

UNITED STATES TAX COURT

BHARAT S. PARIKH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14666-02L.            Filed December 16, 2003.

Bharat S. Parikh, pro se.

William J. Gregg and Warren P. Simonsen, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether respondent
may proceed with collection relating to petitioner's 1988 and
1992 tax liabilities.

FINDINGS OF FACT

Petitioner failed to file a 1988 Federal income tax return.
Respondent filed a substitute return relating to that year and
sent petitioner a notice of deficiency.  In response, petitioner

initiated a proceeding, <u>Parikh v. Commissioner</u>, docket No. 13843-91, which this Court dismissed for lack of jurisdiction.

On April 14, 1993, petitioner filed his 1992 return but did not pay the self-assessed $1,429 tax due. On May 24, 1993, respondent assessed this deficiency.

On November 30, 2001, respondent sent petitioner a Final Notice – Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to 1988 and 1992. Petitioner, on December 27, 2001, sent respondent Form 12153, Request for a Collection Due Process Hearing, relating to those years.

On May 15, 2002, the Appeals officer sent petitioner a letter proposing a section 6330[1] hearing (hearing) on July 9, 2002. On May 29, 2002, the Appeals officer held a telephone hearing with petitioner, but petitioner insisted on keeping the July 9, 2002, scheduled hearing. During the May 29, 2002, hearing, the Appeals officer discussed with petitioner the notice relating to 1988 and petitioner's self-assessed return relating to 1992.

On August 6, 2002, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 relating to 1988 and 1992. In response, on September

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

10, 2002, petitioner, while residing in Gaithersburg, Maryland, filed his petition with this Court.

OPINION

Petitioner seeks a remand to the Appeals Office for further proceedings because he contends that the Appeals officer failed to complete the hearing process or take into consideration his request for an abatement of interest and penalties.[2]

We agree with petitioner that his hearing was not completed and that respondent failed to consider his request for an abatement of interest and penalties. We, however, consider petitioner's contentions and conclude that they lack merit and are legally insufficient to forestall collection. Petitioner did not pay his 1988 and 1992 tax liabilities. As a result, section 6404(e) does not permit an abatement of the interest that accrued on the unpaid tax before respondent contacted petitioner in writing relating to petitioner's 1988 and 1992 tax liabilities. Downing v. Commissioner, 118 T.C. 22, 31 (2002). In addition, interest accrued after respondent contacted petitioner may not be abated because there is no evidence that the accrual of such interest was attributable to respondent's error or delay in performing a ministerial act. Sec. 6404(e)(1); Katz v. Commissioner, 115 T.C. 329, 341 (2000). Furthermore, petitioner

---

[2] The record does not disclose the nature of the penalties for which respondent contends petitioner is liable.

has not identified what, if any, penalties he wants us to consider. Therefore, regardless of whether petitioner was accorded his right to a hearing pursuant to section 6330(b), he has not been prejudiced, and it is neither necessary nor productive to remand this case to the Appeals Office to consider petitioner's contentions. See <u>Nestor v. Commissioner</u>, 118 T.C. 162, 167 (2002); <u>Lunsford v. Commissioner</u> 117 T.C. 183, 189 (2001). Respondent's determinations are sustained.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.