T.C. Memo. 2004-159


UNITED STATES TAX COURT



CHARLES EDWIN LYKES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13402-02L.            Filed July 12, 2004.


Charles Edwin Lykes, pro se.

Michael A. Pesavento, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


JACOBS, Judge:  Pursuant to section 6330(d),[1] petitioner seeks our review of a determination by respondent's Appeals officer that filing of a notice of Federal tax lien with respect to the collection of petitioner's unpaid income tax liability (including additions to tax and interest) for 1996-99 was

_____

[1]All section references are to the Internal Revenue Code.

appropriate.  In his petition, petitioner requests us to determine whether respondent improperly refused to abate assessments for additions to tax under section 6651(a)(1) and (2) and section 6654, and interest on those additions to tax,[2] arising from delinquent income tax returns filed by petitioner for 1996-99.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.

At the time the petition in this case was filed, petitioner resided in Clearwater, Florida.

Petitioner graduated from Stetson University in Deland, Florida, where he received a bachelor of science degree in physics.  After graduating from college, petitioner served in the military, and, after a 3-year tour of duty with the Signal Corps, he attended and graduated from law school.  Petitioner returned to the military and practiced criminal law in the U.S. Army at Fort Ord, California.  He later worked as an attorney for the Department of Energy, where he practiced patent law.

In 1985, petitioner moved to Clearwater, Florida, where he has been practicing law as a sole practitioner.  The bulk of his

---

[2]Petitioner has conceded that he is liable for interest on additions to tax under secs. 6651(a)(1) and (2) and 6654 if such additions are not abated.

private law practice has consisted of criminal work.  Petitioner
failed to pay employment taxes pertaining to his law practice,
and the Internal Revenue Service (IRS) assessed those taxes.

Petitioner filed delinquent income tax returns for 1996-99
after he was contacted by a representative of the IRS.
Petitioner and his former wife filed joint returns for 1996-98.
Petitioner filed his return for 1999 as single.  He failed to
remit all the taxes shown as due on the returns.  The IRS
assessed additions to tax for late filing under section
6651(a)(1), late payment under section 6651(a)(2), and failure to
pay estimated tax under section 6654.  The returns were filed and
assessments for taxes, interest, and additions to tax were made
on the following dates:

| Year | Date Return Filed | Assessment Date |
|------|-------------------|-----------------|
| 1996 | 5/7/01 | 9/17/01 |
| 1997 | 5/7/01 | 9/24/01 |
| 1998 | 5/7/01 | 9/10/01 |
| 1999 | 4/16/01 | 11/19/01 |

Petitioner and the IRS entered into an installment agreement
in connection with the collection of petitioner's tax liability.
This agreement covered both petitioner's income and employment
tax liabilities, as well as additions to tax and interest.
Petitioner defaulted on his agreement after making two monthly
payments.

On December 7, 2001, the IRS filed a notice of Federal tax lien for income taxes (including additions to tax and interest) owed by petitioner for 1996-99. On December 11, 2001, the IRS sent petitioner a Form 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, and a Form 12153, Request for a Collection Due Process Hearing. On January 7, 2002, petitioner submitted a completed Form 12153 to the IRS.

Petitioner's case was assigned to Appeals Officer James H. Reagan. On April 2, 2002, Appeals Officer Reagan sent petitioner a letter in which a face-to-face hearing, as authorized by section 6320, was scheduled. Per that letter, the topics to be discussed at the hearing included the additions to tax at issue, as well as the reinstatement of the installment agreement. The hearing was held as scheduled.

On June 20, 2002, Appeals Officer Reagan sent petitioner a letter in which Appeals Officer Reagan recommended that petitioner consider making a partial payment and pay the balance due the IRS in installments. The letter stated that if petitioner wanted to enter into an installment agreement, then, by July 8, 2002, petitioner would have to complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (which was enclosed with Appeals Officer Reagan's letter) and provide Appeals Officer Reagan with copies of petitioner's personal and business bank statements and check

registers for March-May 2002.  Petitioner did not complete the Form 433-A or submit copies of his bank statements to the IRS by July 8, 2002.  On July 18, 2002, the IRS sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  That notice stated that the filing of the notice of tax lien was "appropriate and reasonable under the circumstances" and thus would not be withdrawn.  The notice further stated that the IRS would not abate the interest or additions to tax.  The reason given for denying petitioner's request for the abatement of interest was:

> The interest cannot be abated since the interest is assessed on **underpayments** in tax, and the abatement provisions or I.R.C. Section 6404(e) only pertains to the assessment of interest on a **deficiency** attributable in whole or in part to any unreasonable error [or] delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act.

The reason given for denying petitioner's request for the abatement of additions to tax was:

> The delinquency penalty and failure to pay penalty will not be abated since you have failed to show that your failure to timely file and pay the tax due was due to reasonable cause and not willful neglect.  The estimated tax penalty will not be abated since you have failed to show that you qualify for a statutory waiver provided by I.R.C. 6654(e).

On August 20, 2002, petitioner filed a petition with this Court under section 6330(d) disputing respondent's determinations.  See sec. 6320(c).

## OPINION

Section 6321 imposes a lien in favor of the United States upon all property and rights to property belonging to a person liable for unpaid taxes after demand for payment has been made. Within 5 business days after the day of filing the notice of lien, the Secretary must notify the taxpayer, in writing, that a tax lien was filed and inform the taxpayer of his/her right to a hearing before an impartial Appeals officer. Sec. 6320. Pursuant to section 6320(c), the hearing is to be conducted consistent with procedures set forth in subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330. If the Commissioner issues a determination letter adverse to the position of the taxpayer, the taxpayer may seek judicial review of that determination. Sec. 6330(d).

Preliminarily we deal with a jurisdictional issue. Petitioner maintains that we should consider his income and employment tax liabilities together because the assigned IRS revenue officer pursued the collection of petitioner's income tax liabilities in conjunction with his employment tax liabilities. Respondent, on the other hand, objects to petitioner's raising of respondent's collection activities of petitioner's employment tax liability. Respondent maintains that the lien in question pertains only to petitioner's unpaid income taxes for 1996-99, not petitioner's unpaid employment taxes. In this regard,

respondent asserts that the filing of the lien is the event that triggered petitioner's right to a section 6330 hearing and subsequently to our review of respondent's determination to continue collection activities, as well as the denial of petitioner's request for the abatement of interest and additions to tax.  We agree with this assertion.

We now turn to whether respondent's denial of petitioner's request for the abatement of additions to tax was an abuse of discretion.  Both parties acknowledge that this Court has jurisdiction in this section 6330(d) proceeding to consider whether respondents's refusal to abate the additions to tax relating to petitioner's income tax liabilities was an abuse of discretion.  See Montgomery v. Commissioner, 122 T.C. 1 (2004); Downing v. Commissioner, 118 T.C. 22 (2002).

The income tax assessments for the years in question include assessments for additions to tax under section 6651(a)(1) and (2) for 1996-99 and under section 6654 for 1996-97.  Petitioner did not have an opportunity to dispute these additions; hence, he can challenge them during the section 6330 hearing proceeding.  Sec. 6330(c)(2)(B).  We review de novo respondent's determination with respect to these additions to tax.  See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, and section 6651(a)(2) imposes an addition

to tax for failure to timely pay the amount shown as tax on the return.  These additions to tax are applicable unless the taxpayer establishes that his/her failure to timely file or timely pay is due to reasonable cause and not due to willful neglect.

A delay in filing a return is due to a reasonable cause "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Petitioner may demonstrate reasonable cause for his failure to pay taxes by showing he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship (as described in section 1.6161-1(b), Income Tax Regs.) if he paid on the due date.  Sec. 301.6651-1(c), Proced. & Admin. Regs. Section 1.6161-1(b), Income Tax Regs., defines "undue hardship" as:

> more than an inconvenience to the taxpayer.  It must appear that substantial financial loss, for example, loss due to the sale of property at a sacrifice price, will result to the taxpayer from making payment on the due date of the amount with respect to which the extension is desired.  If a market exists, the sale of property at the current market price is not ordinarily considered as resulting in an undue hardship.

In order to avoid the section 6651(a)(1) addition to tax, petitioner must show both reasonable cause and a lack of willful neglect.  Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241

(1985). Petitioner's failure to file is due to reasonable cause if he exercised ordinary business care and prudence and was, nevertheless, unable to file his return within the time prescribed by law. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

The reasons offered by petitioner for his failure to timely file his returns and pay his income taxes are (1) his marital troubles, which concluded in divorce, and (2) his financial setbacks caused by his ex-wife's spending habits and his deployment to Saudi Arabia during Operation Desert Shield/Storm, as a reservist, from November, 28, 1990, until June 29, 1991.

In defense of respondent's refusal to abate the late-filing and late-payment additions to tax, respondent states in his posttrial brief filed with the Court the following:

> With respect to his marital troubles, petitioner failed to establish how the illness of his wife, and his eventual divorce from her, prevented him from timely filing and paying his taxes over a four year period, i.e., from April 1997 through May of 2001. Petitioner did not allege, for example, that during this four year stretch he was unable to function due to an emotional or physical disability connected to his troubled marriage. The evidence is to the contrary. During this time, petitioner was fully able to carry out the duties of an attorney representing clients in criminal matters, as well as manage his sole practice on a day to day basis. Moreover, petitioner was not hospitalized or otherwise incapacitated during this period.

> In this regard it is important to note that it is only _after_ the revenue officer assigned to the case contacted petitioner, requested his delinquent income tax returns, and commenced collection activities, that petitioner came forward and filed his returns during 2001. This evidence tends to negate that petitioner's

delinquency was due to disability or other reasonable cause.

* * * * * * *

Petitioner's argument that his service during Desert Storm during 1990 and 1991 somehow affected his ability to comply with internal revenue laws almost six years later is implausible, and not supported by any evidence in the record. Petitioner abandoned that argument upon questioning by the court.

Respondent's position in this regard is well taken. The Court further notes that petitioner did not provide Appeals Officer Reagan or this Court with any financial records that might have supported petitioner's claim of undue hardship. We may infer that petitioner had no records that would have supported his claim.

We have carefully considered the reasons offered by petitioner for his failure to timely file his 1996-99 tax returns and timely pay the amounts shown on the returns for such years when filed belatedly. Neither reason offered by petitioner constitutes "reasonable cause".

As to the section 6654 addition to tax for failure to pay estimated taxes for 1996 and 1997, none of the statutory exceptions apply. See sec. 6654(e). Consequently, the imposition of this addition to tax is mandatory.

In sum, we conclude that respondent's denial of petitioner's request for abatement of the additions to tax under section 6651(a)(1) and (2) and section 6654 was not an abuse of

discretion.  We further conclude that respondent (through Appeals Officer Reagan) did not abuse his discretion in determining that the notice of Federal tax lien was appropriate and reasonable under the circumstances involved herein and thus should not be withdrawn.

Accordingly,

<u>Decision will be entered for respondent</u>.