T.C. Summary Opinion 2006-117


UNITED STATES TAX COURT


DAVID E. CARUSO, JR. AND BARBARA CARUSO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17087-04S.            Filed July 24, 2006.


David E. Caruso, Jr., and Barbara Caruso, pro se.

<u>Scott T. Welch</u>, for respondent.



COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.  Petitioners
seek a review under section 6330(d) of respondent's decision to

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.

proceed with collection of petitioners' Federal income tax liability for the 1999 tax year.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners' legal residence at the time the petition was filed was New Orleans, Louisiana.

Petitioners live and work in Louisiana. Mr. Caruso is a practicing attorney who specializes in personal injury law. During the year at issue, Mr. Caruso was a salaried employee at a small local firm. He worked at this firm until June 2002, when he left that firm and joined another local firm. Mrs. Caruso is also an attorney licensed in California but did not practice law during the year at issue. Instead, she was employed part time as a paralegal for several New Orleans firms.

Petitioners did not file their 1999 joint Federal tax return until March 17, 2003. They had previously filed for, and been granted, an extension to file until October 15, 2000. Petitioners did not file for additional extensions after October 15, 2000, nor did they make any estimated tax payments. On their 1999 return, petitioners reported a tax liability of $91,200 and withholding credits of $8,677. Petitioners did not remit payment for the remaining $82,523 balance due.

On May 12, 2003, petitioners were assessed a section 6651(a)(1) addition to tax in the amount of $18,635, a section

6651(a)(2) addition to tax of $15,266.75, and a section 6654(a) addition to tax in the amount of $3,917.03. On May 27, 2003, petitioners were assessed a tax liability of $82,820 plus interest.[2] In a letter dated May 23, 2003, petitioners requested relief of the additions to tax and interest charges and included payment of $82,820 of the amount assessed by respondent.[3]

On August 2, 2003, respondent notified petitioners of an intent to levy with respect to petitioners' unpaid tax liability for 1999. The notice listed $61,689.39 due for 1999.

Petitioners filed a timely Form 12153, Request for a Collection Due Process Hearing. In their request, petitioners stated they contested the levy because their tax was fully paid, and they had previously requested abatement of additions to tax and interest by the IRS. Petitioners attached the letter, dated

---

[2]Respondent's assessment disallowed the $297 tax credit for child and dependent care expenses petitioners claimed on their tax return because petitioners did not include a correct Social Security number, employer identification number, or IRS individual taxpayer identification number for their child care provider; therefore, the tax assessed was $297 higher than the amount reported on petitioners' Federal income tax return. Respondent, in a letter dated May 12, 2003, notified petitioners of the error and gave petitioners an opportunity to supply the correct information. Petitioners did not respond to the letter and did not challenge the adjustment.

[3]The assessment petitioners received from respondent, dated May 27, 2003, listed the tax liability, additions to tax, and interest owed as of that date; however, it did not indicate receipt of the $82,820 petitioners sent. Because the assessment notice was mailed a mere 4 days after petitioners mailed their payment, it appears to the Court that respondent had no notice of this payment prior to the assessment.

May 23, 2003, sent to the IRS that had requested removal and abatement of additions to tax and interest and had included the payment of $82,820.  In that letter, petitioners explained:

> the 1999 return involved very unusual circumstances in its complexity and need for documents involving sales of renovated real estate.  Unfortunate events kept interrupting our efforts to file in a timely manner, including death of a parent and estate duties, loss of job, and health problems.

The Appeals officer assigned to petitioners' case experienced numerous delays in reaching petitioners and receiving documentation from them.  Finally, on August 9, 2004, the Appeals officer issued a notice of determination sustaining the levy.  In the notice, the Appeals officer noted that petitioners had not requested either an installment agreement or an offer-in-compromise, nor were they eligible for either because they were delinquent in filing Federal income tax returns for several years.  Petitioners filed a timely petition with this Court appealing the decision.

The Court must decide whether petitioners are entitled to relief from the Appeals officer's determination.  Where the underlying tax liability is properly at issue before the Appeals officer, this Court reviews that issue on a de novo basis.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Although petitioners did not receive a notice of deficiency and were entitled to challenge the underlying tax liability, they

stipulated the correctness of the Commissioner's assessment. Therefore, where the underlying tax liability is not at issue, as in this case, this Court reviews the determination under an abuse of discretion standard. Sego v. Commissioner, 114 T.C. 604, 610 (2000). An abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in law, taking into account all the facts and circumstances. E.g., Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

Petitioners seek an abatement of the additions to tax and interest with respect to taxable year 1999 and claim that respondent's failure to do so amounts to an abuse of discretion.

With respect to abatement of the interest due by petitioners, the Appeals officer notified petitioners in correspondence that "interest is charged by law. Even if I am able to provide you with a favorable decision, you must pay the interest due on the tax paid after it was due on 4/15/2000."

A taxpayer may, under certain circumstances, qualify for an abatement of interest under section 6404. A taxpayer, however, is not eligible for such consideration if he files a return but does not pay the taxes due. Downing v. Commissioner, 118 T.C. 22 (2002); H. Conf. Rept. 99-841 (Vol. II), at II-811 (1986), 1986-3 C.B. (Vol.4) 1, 811. Petitioners filed their 1999 Federal income

tax return in March 2003 and did not pay the reported tax liability until more than 2 months later. They are clearly not eligible for abatement of interest; therefore, respondent did not abuse his discretion in refusing to consider abatement of interest during petitioners' hearing.

As to the additions to tax, the Appeals officer sustained the determination of respondent, stating:

> You failed to establish that you exercised due diligence and prudent business care or that you were not able to pay or would have suffered an undue hardship if you paid on the due date* * *. Mr. Caruso's medical condition did not disable him to the point that rendered him unable to attend to his day-to-day activities. Mr. Caruso's loss of 30-year employment occurred two years after the due date of the subject tax and tax return.

The section 6651(a)(1) addition to tax applies where there is a failure to file a timely return, unless the taxpayer can establish that the failure "is due to reasonable cause and not due to willful neglect." Sec. 6651(a)(1). Willful neglect is defined as "a conscious, intentional failure, or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985). A taxpayer may establish reasonable cause by showing that, despite the exercise of ordinary care and prudence, the taxpayer was unable to file the required tax return within the prescribed time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see United

States v. Boyle, supra at 246; Crocker v. Commissioner, 92 T.C. 899 (1989).

Petitioners filed their 1999 Federal income tax return almost 3 years late. At the appeals hearing and at trial, petitioners presented numerous reasons for the delay. Petitioners testified that they sold three properties during 1999 and knew they would owe tax for capital gains on the sales. Because petitioners made renovations to each of the properties, they had valuation difficulties in the computation of their gains. Petitioners further testified that they experienced difficulty in gathering the necessary documentation. Petitioners filed for, and were granted, two extensions to file; however, they did not file for additional extensions after October 15, 2000.

Beyond the complexity of their Federal income tax return, petitioners complained of numerous other difficulties that kept them from filing their return timely. In June 2000, petitioners moved into a new residence, due to rising crime in their former neighborhood. In July 2000, Mr. Caruso's father died and he claimed he had to "spend nearly a year and most nights and weekends sorting through family belongings from * * * [his parents'] 68 years of marriage. Also, bills had to be paid for the estate, and that house sold, with great difficulty and delays." Mr. Caruso testified that, although he had siblings, he

shouldered the bulk of that burden. In addition, Mr. Caruso apparently suffers from high blood pressure and panic attacks. The attacks "near incapacitated" him; however, he managed to maintain full-time employment continually, despite the panic attacks. Lastly, petitioners testified they finally sent information to their certified public accountant (C.P.A.) in February 2002 to complete their Federal income tax return. The C.P.A., however, requested additional information. Before petitioners could locate that information, Mr. Caruso lost his job and had to "devote substantial time to finding new employment and then starting a new job." Therefore, he was not able to locate the additional information for nearly a year.

Although petitioners experienced some difficult circumstances, the Court is not convinced that their delay of almost 3 years was due to reasonable cause and not "willful neglect". Petitioners employed a C.P.A. for the preparation of their tax return. All that was required of petitioners was that they find and send the appropriate documentation to their C.P.A., which they neglected to do in a timely fashion.

Petitioners were not incapacitated by Mr. Caruso's health problems. As previously noted, Mr. Caruso managed to maintain full-time employment, leave what he considered to be a bad job, and successfully find a new one during the 3 years. In addition, the Court is not convinced that dealing with the affairs of Mr.

Caruso's deceased father could monopolize so much time that petitioners were unable to find and send the required documentation to enable their C.P.A. to prepare their tax return timely. As for the 1 year it took petitioners to locate the additional documentation requested by their C.P.A., the Court rejects petitioners' explanations for this exorbitant delay. Respondent's determination is sustained.

The Appeals officer also sustained the section 6651(a)(2) determination against petitioners. Section 6651(a)(2) imposes an addition to tax when a taxpayer fails to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. With respect to any return, the amount of the addition under section 6651(a)(2) reduces the amount of the addition under section 6651(a)(1) for any month to which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

A taxpayer has reasonable cause for failure to pay a tax timely if the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship, as described by section 1.6161-1(b), Income Tax Regs., if he paid on the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. An undue

hardship is defined as more than an inconvenience to the taxpayer. Sec. 1.6161-1(b), Income Tax Regs. An undue hardship will result to the taxpayer if, for instance, he or she will suffer a substantial financial loss; for example, a loss due to the sale of property at a distress price. Downing v. Commissioner, 118 T.C. at 29; see also Fran Corp. v. United States, 164 F.3d 814, 816-817 (2d Cir. 1999).

As previously discussed, petitioners' alleged hardships did not amount to reasonable cause. Furthermore, petitioners reported a $531,661 capital gain on the sale of their properties, and the Court declines to believe they would have suffered a substantial financial loss had they paid their liability timely. Petitioners were aware they would have a substantial tax liability for the year 1999, and, even if they were unsure of the exact amount, they could have submitted an estimated payment when they filed their request for an extension. Therefore, respondent is sustained.

Lastly, the Court reviews the Appeals officer's decision to sustain respondent's section 6654 determination. A taxpayer is subject to this addition to tax "in the case of any underpayment of estimated tax by an individual." Sec. 6654. Subject to certain statutory exceptions, the addition to tax is automatically applied if the amount of withholding and estimated

tax payments do not equal statutorily designated amounts. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

The statute, however, provides an exception to this automatic imposition under certain circumstances. Petitioners presented no evidence, either to the Appeals officer or at trial, that they met the statutory exceptions. Petitioners' only arguments during appeals and at trial were the hardship arguments discussed above. The Court sustains the determination.

Petitioners received an appropriate hearing under section 6330(b)(1). Day v. Commissioner, T.C. Memo. 2004-30; Leineweber v. Commissioner, T.C. Memo. 2004-17; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Respondent properly verified that the requirements of applicable law and administrative procedures were met and balanced the need for efficient collection of taxes with the legitimate concern of petitioners that the collection action be no more intrusive than necessary. On this record, the Court holds that there was no abuse of discretion in sustaining the notice of intent to levy. Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.