T.C. Memo. 2016-73

UNITED STATES TAX COURT

ALLEN B. MILLER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7126-14L.                         Filed April 21, 2016.

Alvin S. Brown, for petitioner.

Marissa J. Savit, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  In this collection due process (CDP) case under section

6330(d)(1),[1] petitioner contests the determination made by the Internal Revenue

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code in effect at all relevant times.  We round monetary amounts to the nearest
dollar.

[*2] Service (IRS) Office of Appeals (IRS Appeals) to sustain a notice of intent to levy to collect a section 6651(a)(2) addition to tax for failure to timely pay tax for tax year 2008. The sole issue for decision is whether petitioner is liable for that addition to tax. We hold that he is. Some of the facts have been stipulated and are so found.

## FINDINGS OF FACT

Petitioner resided in Florida when he filed the petition in this case.

A.    Petitioner's Tax Return for Tax Year 2008

Petitioner made estimated tax payments for tax year 2008 of $18,750 on July 2, 2008, and $18,750 on October 1, 2008. Petitioner had income tax withholding for tax year 2008 of $6,390. Thus, as of April 15, 2009, the due date for payment of petitioner's 2008 income tax, petitioner had made payments for 2008 totaling $43,890.

Petitioner retained James Barr to prepare his Federal income tax return for tax year 2008. Before April 15, 2009, Mr. Barr's accounting firm had prepared a completed Federal income tax return for tax year 2008 which stated that petitioner's 2008 income tax liability was $600,000. On the basis of conversations with Mr. Barr, petitioner believed the tax return was incorrect. Mr. Barr said that one of his employees had prepared the return, that Mr. Barr also believed that it

**[\*3]** was wrong, and that he would personally revise the return. Petitioner never filed that draft of his 2008 return.

Petitioner asked Mr. Barr to reconsider the correctness of the draft return. On November 17, 2009, on the basis of Mr. Barr's estimate that he would owe an additional $100,000 in tax, petitioner made an additional 2008 tax payment of $100,000.

Petitioner and his wife called and emailed Mr. Barr repeatedly concerning their 2008 return, but Mr. Barr did not respond to their inquiries, provide petitioner with a modified tax return, or further explain the 2008 return that his employee had previously prepared.

In September 2010 petitioner abandoned efforts to reach Mr. Barr and hired another accountant, Robert F. Cohen, to prepare his 2008 tax return. After hiring Mr. Cohen petitioner retained an attorney, John Flannigan, to send a letter to Mr. Barr requesting a refund and petitioner's data and documents so that Mr. Cohen could prepare the 2008 return. On December 14, 2010, Mr. Cohen provided petitioner with a completed tax return for 2008. On January 20, 2011, petitioner signed the 2008 tax return that Mr. Cohen had prepared. Petitioner filed that return, which respondent received on January 31, 2011. On that return petitioner

[*4] reported a tax liability of $509,718. Petitioner submitted a payment of $393,847 with that return.

Respondent assessed tax of $510,534 for tax year 2008.[2] On February 28, 2011, respondent also assessed the following additions to tax: (1) $6,024 under section 6654 for failure to make sufficient estimated tax payments; (2) $104,994 under section 6651(a)(1) for failure to timely file; and (3) $44,135 under section 6651(a)(2) for failure to timely pay tax owed.[3] Respondent also assessed $37,427 of interest for tax year 2008. Petitioner did not make further payments for tax year 2008. This case was referred to the IRS collection unit.

B. Collection of Unpaid Tax

On January 28, 2013, respondent issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to petitioner's unpaid liability for tax year 2008. Petitioner's counsel timely mailed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, to respondent. Petitioner sought an installment agreement.

---

[2]On March 28, 2011, respondent abated tax of $816, which is the difference between the amount that respondent assessed, $510,534, and the amount that petitioner reported, $509,718.

[3]Only the sec. 6651(a)(2) addition to tax is at issue in this case.

**[*5]**  On April 29, 2013, petitioner's counsel sent a letter to the IRS Brookhaven Centralized Offer in Compromise Unit and submitted Form 656-L, Offer in Compromise, and Form 843, Claim for Refund and Request for Abatement, requesting abatement of interest under section 6601.  Subsequently, on November 8, 2013, petitioner withdrew the offer-in-compromise.  On December 12, 2013, IRS Appeals Settlement Officer Stephan R. Harding (SO Harding) told petitioner's counsel he would abate the addition to tax under section 6651(a)(1).  Petitioner's counsel contended that petitioner had relied on his tax return preparer and thus was not liable for additions to tax under sections 6651(a)(2) and 6654.  On or about January 16, 2014, petitioner's counsel submitted additional case citations to SO Harding in support of petitioner's position.

On March 6, 2014, SO Harding issued a notice of determination concerning collection action sustaining the issuance of the notice of intent to levy.  In the notice of determination SO Harding determined that petitioner failed to establish reasonable cause to allow the additions to tax at issue to be abated.  SO Harding sustained the proposed levy action because no collection alternative was submitted during the CDP hearing.

**[*6]**                                OPINION

The issue for decision is whether petitioner is liable for an addition to tax under section 6651(a)(2). Because petitioner's liability is properly at issue, we will review the matter de novo. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Respondent assessed an addition to tax of $44,135.38 under section 6651(a)(2) for petitioner's failure to timely pay his 2008 income tax liability. Section 6651(a)(2) imposes an addition to tax of up to 25% of the tax shown on a return for failure to make timely payment thereof unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Respondent bears the burden of production with respect to this addition to tax. See sec. 7491(c). In order to carry that burden, respondent must produce sufficient evidence to establish that it is appropriate to impose the addition. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once respondent satisfies that burden, petitioner bears the burden of proving that he is not liable for the addition to tax. See id. at 447.

Respondent provided an account transcript for tax year 2008 which shows that petitioner made two payments of $18,750 toward income tax owed for 2008 and had income tax withholding of $6,390 for 2008, which was deemed paid on

[*7] April 15, 2009. Before the April 15, 2009, deadline to pay his 2008 income tax, those payments, totaling $43,890, were his only payments towards the total income tax liability of $509,718 reported on the 2008 return that he filed in January 2011. Respondent has satisfied the burden of production under section 7491(c). See McLaine v. Commissioner, 138 T.C. 228, 245 (2012). Thus, the burden of proof is on petitioner to show that he is not liable for the addition to tax.

Petitioner contends that his failure to pay tax was due to reasonable cause and not willful neglect because he relied on a tax return preparer who made multiple errors when preparing his tax return. Petitioner testified that he did not wish to fully pay his 2008 income tax until the errors were fixed.

A taxpayer has reasonable cause for failure to timely pay tax if "the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also Downing v. Commissioner, 118 T.C. 22, 28 (2002).

Petitioner argues that he satisfied the reasonable cause standard in section 301.6651-1(c)(1), Proced. & Admin. Regs., because he exercised ordinary business care and prudence by refusing to file an incorrectly prepared tax return

[*8] "based on an erroneous method of accounting." Petitioner points out that both he and his wife repeatedly attempted to contact Mr. Barr to have him fix the return but that he was unresponsive to their requests. In September 2010 petitioner hired an attorney to help him obtain his tax data from Mr. Barr. Petitioner acknowledges that as early as April 2009 he believed the return prepared by Mr. Barr to be inaccurate, yet he waited almost 18 months before hiring Mr. Cohen to prepare another return using the proper method of accounting. While we understand the difficulty petitioner experienced trying to secure cooperation from the initial return preparer, petitioner's delay of 18 months before hiring a lawyer to secure the return of his tax data and a second return preparer to prepare a correct return was unreasonable and represented a failure to exercise ordinary business care and prudence.

Petitioner also contends his failure to timely pay his 2008 income tax was due to his reliance on his tax return preparer. However, petitioner's reliance on his tax return preparer is not sufficient to show his failure to timely pay his 2008 income tax was due to reasonable cause. The Supreme Court has said that "[w]hen an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice." United States v. Boyle, 469 U.S. 241, 251 (1985). However, the

[*9] Supreme Court has also said that "one does not have to be a tax expert to know that * * * taxes must be paid when they are due." Id. Though Boyle involved a section 6651(a)(1) addition to tax for failure to timely file, courts considering the issue have held that the determination of "reasonable cause" under paragraph (2) should receive analysis similar to that under paragraph (1). See E. Wind Indus., Inc. v. United States, 196 F.3d 499, 504 n.5 (3d Cir. 1999); Fran Corp. v. United States, 164 F.3d 814, 816 n.2 (2d Cir. 1999); Valen Mfg. Co. v. United States, 90 F.3d 1190, 1193 n.1 (6th Cir. 1996).

Petitioner's reliance on his tax return preparer is not a reasonable cause for failure to timely pay his income tax. Section 6151(a) provides that payment of tax is due at the time fixed for filing the corresponding tax return determined without regard to any extension of time for filing the return. Section 6072(a) provides that for individuals tax returns shall be filed on or before the 15th day of April following the close of the calendar year. Thus, petitioner's 2008 tax was due on April 15, 2009. The taxpayer's duty to timely file a return and pay tax is nondelegable. See Boyle, 469 U.S. at 251-252; see also McGee v. Commissioner, 979 F.2d 66, 71 (5th Cir. 1992) (holding that the duty to timely file a tax return is a nondelegable duty that is not excused by reliance on an agent, and such reliance is not a reasonable cause for late filing under section 6651(a)(1)), aff'g T.C.

**[\*10]** Memo. 1991-510; <u>Corum v. United States</u>, No. 80-0387-CV-W-7, 1982 WL 1634 (W.D. Mo. Jan. 12, 1982) (rejecting executor's argument that he relied on an attorney to prepare and file the estate tax return as reasonable cause for his failure to timely pay); <u>Thom v. United States</u>, No. 80-176, 1980 WL 1690, at \*2 (D. Or. Oct. 23, 1980) ("As a general rule, the duty to file returns and deposit and pay taxes is personal to the taxpayer and cannot be excused by delegation to others."); <u>Meyco Prods. Inc. v. United States</u>, No. 76C 1339, 1979 WL 1413 (E.D.N.Y. July 21, 1979) (rejecting the taxpayer's argument that it relied on its attorneys and accountants to comply with its legal obligations to request an extension of time to file and holding that it was not reasonable cause under section 6651(a)(1) because a taxpayer may not delegate its duty to comply with the law).  We hold petitioner has not established that his failure to timely pay his 2008 income tax liability was due to reasonable cause.

　　We sustain respondent's determination of an addition to tax under section 6651(a)(2) for petitioner's failure to timely pay his 2008 income tax.

　　　　　　　　　　　　　　　　　　<u>Decision will be entered</u>

　　　　　　　　　　　　　　　　　　<u>for respondent</u>.