[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 04-13378

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2005
THOMAS K. KAHN
CLERK

U.S. TAX Court  No. 11382-01L

CHARLES R. GODWIN,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

----------------------------------------------------------------

_____

No. 04-13382

_____

U.S. TAX Court No. 498-02

CHARLES R. GODWIN,
LINDA S. GODWIN,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

------------------------------------------------------------

_____

No. 04-13391

_____

U.S. TAX Court  No. 14817-02L

LINDA S. GODWIN,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeals from a Decision of the
United States Tax Court

_____

(May 12, 2005)

Before ANDERSON, HULL and RONEY, Circuit Judges.

PER CURIAM:

Taxpayers appeal from adverse decisions in the Tax Court in these

consolidated cases.  After oral argument and careful review, we conclude that the

judgment of the Tax Court is due to be affirmed. It appears that taxpayers have not challenged the penalty assessed for their failure to pay estimated taxes, and in any event, any such challenge would clearly be without merit. With respect to taxpayers' challenge to the penalty for failure to timely pay taxes, the Tax Court found that there was not reasonable cause. We readily conclude that that finding is not clearly erroneous. Similarly, the Tax Court found that there was not reasonable cause for taxpayers' failure to file in timely fashion, and we again conclude that the Tax Court's finding is not clearly erroneous.

Taxpayers are apparently seeking to challenge the Tax Court's refusal to abate the accrual of interest because of presidentially declared disasters. We note that taxpayers were allowed abatement of interest during the one month referred to in the IRS newsletter. However, we cannot discern any intelligible argument in taxpayers' initial brief to support any additional abatement.[1] Accordingly, we decline to address the issue. Moreover, any such abatement of interest would apparently apply only in circumstances where the IRS extended not only the time to file, but also the time for payment, and it does not appear that there has been any extension of time for payment in this case.

---

[1] In light of our disposition, we express no opinion on the Tax Court's comments with respect to its jurisdiction of the abatement issue.

With respect to taxpayers' challenge to the levy, the Tax Court held that taxpayer had waived any such challenge by failing to raise same at the appropriate time in the Tax Court. We conclude that it is appropriate to honor the Tax Court's enforcement of its prudential rule. The Tax Court made findings of fact denying each of the casualty losses claimed by taxpayers. We cannot conclude that the Tax Court's findings are clearly erroneous.

Any other arguments asserted by taxpayers on appeal are rejected without need for further discussion. Accordingly, the judgment of the Tax Court is

**AFFIRMED.**