T.C. Summary Opinion 2008-87


UNITED STATES TAX COURT


CHARLES O. ONYEULO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17352-06S.               Filed July 21, 2008.


Charles O. Onyeulo, pro se.

<u>Marc L. Caine</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This collection case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121 and petitioner's objection thereto.

## Background

Petitioner lived in New York when he filed the petition. The following facts are uncontested or established by the record.

Petitioner and his former spouse (hereafter Mrs. Onyeulo) timely filed joint Federal income tax returns for 1996 and 1997. Respondent examined those returns and determined deficiencies related to disallowed deductions for a business petitioner owned and operated. During the examination petitioner and respondent's examiner exchanged correspondence and held meetings. Petitioner signed Forms 4549-CG, Income Tax Examination Changes, for 1996 and for 1997. There is nothing in the record indicating that Mrs. Onyeulo signed either Form 4549-CG. The following language appears directly above petitioner's signature on each of the Forms 4549-CG:

> Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties * * *.

During the examination respondent learned that petitioner and Mrs. Onyeulo had two separate residences: One in New York,

the other in Ohio.  Respondent mailed a statutory notice of deficiency to petitioner and Mrs. Onyeulo at both the New York and Ohio addresses.  The notice of deficiency determined deficiencies and accuracy-related penalties for 1996 and 1997 identical to the deficiencies and penalties listed in the Forms 4549-CG.[1]  Neither petitioner nor Mrs. Onyeulo filed a petition in response to the notice of deficiency.[2]  Petitioner denied receiving the notice of deficiency.

Respondent filed a notice of Federal tax lien reflecting tax liabilities of $7,000 and $11,497 for 1996 and 1997, respectively.  Respondent mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.  Petitioner responded with a timely Form 12153, Request for a Collection Due Process Hearing.  Petitioner challenged the

---

[1] Petitioner and Mrs. Onyeulo executed Form 872, Consent to Extend the Time to Assess Tax, which extended the assessment period to June 30, 2001.  Respondent mailed the notice of deficiency on Sept. 22, 2000.  It is not clear from this record why respondent issued a notice of deficiency to petitioner.  Respondent's counsel could not explain why a notice was issued given that petitioner signed Forms 4549-CG, Income Tax Examination Changes.

The notice of deficiency and Form 4549-CG for 1996 reflect a deficiency of $7,003 and a sec. 6662 penalty of $1,401.  The notice of deficiency and Form 4549-CG for 1997 reflect a deficiency of $11,497 and a sec. 6662 penalty of $2,299.

[2] At a time not apparent from the record, but after the issuance of the notice of deficiency, respondent granted Mrs. Onyeulo relief under sec. 6015 for the joint Federal income tax liabilities for 1996 and 1997.  She is not a party to this proceeding.

underlying tax liabilities, asserting that his business was not profitable. He further asserted that respondent's agents mishandled petitioner's documentation.

Petitioner raised only challenges to the underlying tax liabilities during a telephone conference. The settlement officer (SO) informed petitioner that he could not challenge the underlying tax liabilities with the Appeals Office during the collection hearing because he had previously had an opportunity to dispute those liabilities. The SO advised petitioner that he could seek an audit reconsideration to request review of the determination and assessment.

Respondent issued a notice of determination concerning collection action which stated that the SO verified that the legal and procedural requirements had been met, addressed the relevant issues petitioner raised, and considered whether the proposed collection action balanced the need for efficient collection with the concern that collection be no more intrusive than necessary. Respondent sustained the filing of the Federal tax lien.

In his timely petition for review of the collection action, petitioner disputed the accuracy and fairness of the deficiency determinations and asked the Court to vacate his tax liabilities for 1996 and 1997.

Respondent filed a motion for summary judgment, and petitioner and respondent's counsel appeared and were heard at a hearing on the motion.

## Discussion

Summary judgment "is intended to expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts which show a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de

novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The Court reviews any other administrative determination regarding proposed collection actions for an abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182. If the Court finds that a taxpayer is liable for deficiencies, additions to tax, and/or penalties, then the Commissioner's administrative determination sustaining the collection action will be reviewed for an abuse of discretion.  See Downing v. Commissioner, 118 T.C. 22, 31 (2002); Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005).

A lien automatically attaches to the real and personal property, and rights therein, of a person liable to pay any tax who neglects or refuses to pay such tax after demand.  Sec. 6321. Section 6320 requires that the Secretary give the taxpayer written notice of the filing of a tax lien.  Section 6320(a)(3)(B) and (b)(1) provides that the notice shall inform such person of the right to request a hearing in the Commissioner's Appeals Office.  A collection hearing reviewing the filing of a Federal tax lien follows the procedures set forth in section 6330(c), (d), and (e).  Sec. 6320(c).

Collection hearings are to be conducted by the Commissioner's Office of Appeals, and the Appeals officer conducting the hearing must verify that the requirements of any

applicable law or administrative procedure have been met.  Sec. 6330(b)(1), (c)(1).  At the hearing the taxpayer may raise "any relevant issue" relating to the unpaid tax or the collection action.  Sec. 6330(c)(2)(A).  The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive any statutory notice of deficiency with respect thereto or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and shall consider:  (1) The verification that the procedural and statutory requirements have been followed; (2) the relevant issues raised by the taxpayer; (3) where permitted, the taxpayer's challenges to the underlying tax liability; and (4) whether the collection action properly balances collection efficiency and intrusiveness. Sec. 6330(c)(3).

Respondent contends that he is entitled to summary judgment because the only issue petitioner raised during the collection hearing was his challenge to the underlying tax liabilities. Respondent argues that petitioner's receipt of the notice of deficiency and/or his other opportunity to dispute the underlying tax liabilities precluded him from raising such a challenge, citing section 6330(c)(2)(B).

As noted, petitioner alleges that he did not receive the notice of deficiency for 1996 and 1997. Because this is a summary judgment proceeding, we view factual inferences in the light most favorable to the nonmoving party. See Craig v. Commissioner, supra at 260. The disputed receipt of the notice of deficiency may raise a genuine issue of material fact; however, there is an additional basis for denying petitioner the opportunity to challenge the underlying tax liabilities. Section 6330(c)(2)(B) is stated in the disjunctive; a taxpayer may challenge the existence or amount of the underlying tax liability if he did not (a) receive a notice of deficiency or (b) otherwise have an opportunity to dispute the tax liability.

The record shows that petitioner executed Forms 4549-CG for 1996 and 1997. By signing Forms 4549-CG a taxpayer acknowledges that he had an opportunity to dispute the subject tax liabilities and waives that right to challenge those liabilities before payment. Zapara v. Commissioner, 124 T.C. 223, 228 (2005); Horn v. Commissioner, T.C. Memo. 2002-207; see Aguirre v. Commissioner, 117 T.C. 324, 327 (2001). Therefore, even though petitioner disputes receiving the notice of deficiency, his execution of the Forms 4549-CG satisfied the alternate prong of section 6330(c)(2)(B) and precluded him from challenging the underlying tax liabilities in the collection proceeding.

Finally, as stated in the notice of determination, the SO verified that the procedural and administrative requirements had been met and considered whether the proposed collection action balanced intrusiveness and collection efficiency. See sec. 6330(c)(3).

The only issue petitioner raised at the collection hearing, in his petition, and at the hearing on the motion for summary judgment was his challenge to the underlying tax liabilities. As discussed, petitioner was precluded from challenging the underlying tax liabilities before the SO. It follows that it was not an abuse of discretion for the SO to refuse to entertain such a challenge. We conclude that no genuine issue of material fact remains and hold that respondent is entitled to judgment as a matter of law. We shall grant respondent's motion for summary judgment. Respondent's determination sustaining the Federal tax lien is sustained.

To reflect the foregoing,

An appropriate order and decision will be entered.