T.C. Summary Opinion 2008-127

UNITED STATES TAX COURT

JONATHAN L. HALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26741-06S.                    Filed September 22, 2008.

Jonathan L. Hall, pro se.

<u>Innessa Glazman-Molot</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not
reviewable by any other court, and this opinion shall not be
treated as precedent for any other case.  Unless otherwise
indicated, subsequent section references are to the Internal

Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

This collection case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121 and petitioner's objection thereto. The issue for decision is whether, as a matter of law, respondent's determination sustaining a levy action for tax year 2004 should be upheld.

## Background

The following facts are uncontested or established by the record. Petitioner lived in Virginia when he filed the petition.

Petitioner worked as a laborer in 2004 and received one or more Forms 1099-MISC, Miscellaneous Income, reporting his income. His Federal income tax return for 2004 reports no withholding and no estimated tax payments and $2,452 in tax due, including $1,959 of self-employment tax. The Internal Revenue Service (IRS) assessed the tax petitioner reported as due on his 2004 return, together with interest and an addition to tax for failure to pay. The IRS sent petitioner notice and demand for payment but did not receive payment.

On April 15, 2006, the IRS mailed a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner requested a collection hearing to challenge the IRS's intent to levy to collect the tax due for 2004. In his hearing request petitioner asserted that it was premature for the IRS to levy

upon his property; that withdrawing the levy would facilitate collection of the tax; and that withdrawal was in his and the Government's best interest.[1]

The IRS assigned a settlement officer (SO) to handle petitioner's collection hearing. The SO wrote to petitioner on September 28, 2006, requesting certain documents as a condition of her considering collection alternatives, informing petitioner that he had to provide her with a copy of an amended return for 2004 if he wished to challenge the underlying tax liability, and scheduling a telephone conference for October 31, 2006. Petitioner wrote to the SO and asked for a delay (from October 31, 2006, to May 6, 2007) in the collection hearing for 2004. He sought to postpone the 2004 levy hearing until after the Court resolved his challenge to the result of his collection hearing for tax years 2000 through 2003.[2] He asserted that collecting by levy would impose a hardship on him, asked for a hardcopy of the Internal Revenue Manual (IRM), and requested a face-to-face hearing. He did not provide the requested information.

---

[1] Petitioner's assertions mirror three of the four circumstances provided in sec. 6323(j) for withdrawing a Federal tax lien. See infra note 3.

[2] Petitioner also claimed that his pending Tax Court case "already encompasses Tax Year 2004 ('if applicable')". The SO determined that the pending case involved a notice of Federal tax lien for 2000 through 2003 and verified that the Internal Revenue Service (IRS) had not filed a Federal tax lien for 2004. She concluded that the instant collection case was independent of that case.

The SO declined to postpone the hearing for 2004, explained that the 2004 levy action was separate from the lien action for 2000 through 2003, informed petitioner that he could access the IRM over the Internet, and asked him to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and a copy of his 2005 return, with evidence of filing, in order for her to evaluate his financial situation and consider collection alternatives. The SO wrote that she would conduct a face-to-face hearing only after petitioner provided the information required to evaluate his eligibility for collection alternatives. She also explained that she was willing to place petitioner's account in currently noncollectible (CNC) status if warranted by the information contained in the requested documents.

On October 31, 2006, petitioner sent a letter to the SO (by facsimile and certified mail). He included a Form 433-A, without supporting documentation and marked "DRAFT 10/31/06". The draft Form 433-A listed the following assets: (1) A truck used in petitioner's business and valued at $1,000; (2) furniture and personal effects valued at $500; and (3) tools used in petitioner's business and valued at $500. Petitioner stated in his letter:

I have attached a "draft" of 433-A. It does not have attachments, because they would take vastly too many pages. * * * The information contained in the Form 433-A is a best reasonable rounded off guess-timate, giving you an approximate snapshot of my current financial situation, which is dire. In addition, I am at least two months behind on my rent, and two months behind on my credit card payments. With this information you can probably make a reasonable decision about my financial condition and accurately categorize the levy as currently noncollectible and you may "temporarily suspend collection action" at your discretion.

If there is supporting paperwork you would like to review, which would have otherwise been part of the attachments requested, you may review those receipts, bills, expenses, etc. at a face to face meeting. I do not anticipate filing any further 1040s for any additional tax years until the prior years [sic] issues have been resolved.

Petitioner did not submit a copy of his 2005 return, and the SO determined that no 2005 return had been filed as of November 2, 2006. The SO concluded that petitioner failed to document his financial status adequately and that he was not in compliance with his filing requirements. She further concluded from petitioner's not submitting an amended return for 2004 that he did not contest the underlying tax liabilities.

Respondent's Appeals Office (Appeals) issued a Notice of Determination Concerning Collection Actions Under Sections 6320 and/or 6330 (notice), sustaining the intent to levy. The notice recited that the SO verified that all applicable laws and procedures were met, considered all issues raised, and balanced the efficiency and intrusiveness of the proposed collection

action.  The notice described the SO's instructing petitioner that he had to submit completed financial information and his 2005 return in order for her to consider collection alternatives and her later reiterating this requirement.  The notice concluded that petitioner was not eligible for Appeals consideration of collection alternatives because he was not in filing compliance and because he did not provide required financial information.

Petitioner filed a timely petition requesting judicial review of respondent's determination.[3]

Respondent filed a motion for summary judgment, asserting that there are no genuine issues of material fact, that petitioner did not develop any issue to challenge the underlying tax liability before Appeals, that petitioner's failure to submit complete financial information and his noncompliance with filing obligations precluded Appeals consideration of collection alternatives, and that respondent is entitled to judgment as a matter of law.  Petitioner objects, arguing that respondent abused his discretion in sustaining the intent to levy because the SO denied him a face-to-face hearing, because she refused to

---

[3] The relief petitioner requested and the reasons presented in par. 4 of the petition are nearly identical to those included in his petition relating to the collection action for 2000 through 2003, docket No. 11674-06S, which challenges the filing of Federal tax liens for those years.  To the extent that the instant petition complains of the failure to withdraw a tax lien under sec. 6323(j), that issue is not relevant to this levy case and will not be addressed further.

entertain his dispute over the underlying tax liability, and because she ignored legal and procedural requirements related to CNC status for low-income taxpayers claiming hardship. Petitioner and respondent's counsel appeared and were heard at a hearing on the motion.

## Discussion

Summary judgment "is intended to expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts that show a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax

liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding proposed collection actions for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182. An abuse of discretion occurs when the exercise of discretion is without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308 (2005). If the Court finds that a taxpayer is liable for deficiencies, additions to tax, and/or penalties, then the Commissioner's administrative determination sustaining the collection action will be reviewed for abuse of discretion. See Downing v. Commissioner, 118 T.C. 22, 31 (2002); Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005).

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330(a) further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period.

Collection hearings are to be conducted by the Commissioner's Office of Appeals, and the Appeals officer conducting the hearing must verify that the requirements of any

applicable law or administrative procedure have been met.  Sec. 6330(b)(1), (c)(1).  Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the hearing any issue relevant to the proposed collection activities, including spousal defenses, challenges to the appropriateness of the intended collection action(s), and alternative means of collection.  Sego v. Commissioner, supra at 609; Goza v. Commissioner, supra at 180. If a taxpayer received a statutory notice of deficiency for the year in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and shall consider:  (1) The verification that the procedural and statutory requirements have been followed; (2) the relevant issues raised by the taxpayer; (3) where permitted, the taxpayer's challenges to the underlying tax liability; and (4) whether the collection action properly balances collection efficiency and intrusiveness. Sec. 6330(c)(3).

The 2004 tax liability results from the tax reported as due by petitioner on his 2004 Federal income tax return.  The IRS did not audit or adjust the return and did not issue a notice of

deficiency.[4]  The record does not reflect that petitioner had any other opportunity to contest the existence or amount of his self-assessed tax liability for 2004.  Accordingly, he was entitled to challenge the liability during the collection hearing.  The SO invited petitioner to challenge the tax due for 2004 by submitting an amended return.  Petitioner did not submit an amended return, nor did he challenge the underlying tax liability during the collection hearing.  Accordingly, we review respondent's determination for abuse of discretion.

The SO informed petitioner that she could not consider any collection alternatives without a complete financial disclosure from petitioner and that he was not eligible for consideration of any collection alternatives unless he was current with his Federal income tax filing obligations.  Petitioner submitted a draft Form 433-A, without supporting documentation.  He did not submit his 2005 Federal income tax return.  The Commissioner's refusal to consider collection alternatives is not an abuse of discretion where the taxpayer has failed to file all required tax returns or to provide complete financial information.  See Roman v. Commissioner, T.C. Memo. 2004-20; Rodriquez v. Commissioner,

---

[4] The IRS was not obliged to issue a notice of deficiency to petitioner because the assessment was entered under sec. 6201(a)(1) based on the amount petitioner reported due on his 2004 tax return, along with statutory interest and additions to tax.  Moreover, sec. 6211(a) excludes from the definition of a deficiency the tax that taxpayers report due on their returns. Montgomery v. Commissioner, 122 T.C. 1, 8 (2004).

T.C. Memo. 2003-153 (and cases cited therein).  An Appeals officer who fails to take into account information he requested but that the taxpayer did not provide in a reasonable time has not abused his discretion.  Murphy v. Commissioner, supra at 315.  Thus, the SO did not abuse her discretion in refusing to consider petitioner's request to place his 2004 account in CNC status.[5]

The applicable regulation is clear that a face-to-face collection hearing is not required by the Code.  Sec. 301.6330-1(d)(2), Q&A-D6, Q&A-D7, and Q&A-D8, Proced. & Admin. Regs.  Petitioner did not present the information required by the SO and did not make any justiciable arguments or present any information that properly addressed the merits of the underlying tax liability, the validity of the assessment, the conduct of the proceeding, or compliance with section 6330 requirements.  Under these circumstances, as a matter of law, the SO did not abuse her

---

[5] Petitioner's concern with the proposed levy was that the Internal Revenue Service (IRS) would take his truck and with it his ability to conduct his landscaping and window washing business.  In his draft collection information statement, petitioner lists as assets:  $500 of furniture and personal effects, $500 of business tools, and a $1,000 truck, which he used for his business.

It is noted that sec. 6334(a)(3) exempts from levy tools necessary for a taxpayer's business with an aggregate value far greater than the tools petitioner claimed (including the value of his truck).  Furthermore, sec. 6334(a)(13)(B) exempts tangible personal property (which would include petitioner's truck, in the event that sec. 6334(a)(3) did not) unless the IRS follows the procedure outlined in sec. 6334(e)(2).

discretion in not affording petitioner a face-to-face hearing. See <u>Davis v. Commissioner</u>, T.C. Memo. 2007-160.

Finally, as stated in the notice of determination, the SO verified that the procedural and administrative requirements had been met and considered whether the proposed collection action balanced intrusiveness and collection efficiency. See sec. 6330(c)(3).

Conclusion

Although petitioner was not statutorily barred from challenging the existence or amount of his income tax liability for 2004, he failed to raise any such challenge. Petitioner also failed to raise a spousal defense or make a valid challenge to the appropriateness of respondent's intended collection action. Petitioner failed to provide the documents required for consideration of any alternative means of collection.[6] These issues are now deemed conceded. See Rule 331(b)(4).

---

[6] Petitioner demonstrated that he was in filing compliance and disclosed his financial status to a different settlement officer (SO) on May 15, 2007, in connection with his 2000-03 lien case. Respondent filed the instant motion on July 13, 2007, and the SO handling the lien hearing on remand issued a supplemental notice of determination in that case on Sept. 7, 2007, sustaining the filing of the Federal tax liens for those years and determining that petitioner's account should be reported currently noncollectible. This determination in September 2007 has no bearing on whether respondent abused his discretion in this case in November 2006 or on whether there is a genuine issue for trial in this case.

Accordingly, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination.

To give effect to the foregoing,

<u>An appropriate order and decision will be entered</u>.