T.C. Summary Opinion 2011-105


UNITED STATES TAX COURT


DWIGHT F. AND THERESA S. DELANO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14093-10S.              Filed August 29, 2011.


Dwight F. and Theresa S. Delano, pro se.

<u>Derek W. Kelley</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  This case is before the Court on respondent's motion for summary judgment.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

## Background

Petitioners resided in Massachusetts at the time they filed the petition.

Petitioners filed their 1998, 2000, 2002, 2003, and 2004 Federal income tax returns late. A balance remained unpaid for each of these years. Respondent mailed petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On a timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, petitioners requested an offer-in-compromise (OIC) as a collection alternative.

Settlement Officer Tracy L. Sisung (SO) sent a letter to petitioners on March 5, 2010, scheduling a collection due process (CDP) hearing for May 3, 2010. In that letter the SO informed petitioners that they had to (1) submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and bank statements, and (2) become current with their Federal income tax return filings before an OIC could be

considered.[2]  Petitioner Dwight F. Delano (Mr. Delano) participated in a telephone CDP hearing with the SO on May 3, 2010.  At the time of the CDP hearing petitioners had not filed current Federal income tax returns or submitted a Form 433-A.

During the CDP hearing Mr. Delano explained to the SO that he believed the balance due for the taxable year 2004 was not accurate and that it should reflect additional payments made. Mr. Delano did not provide documentation or specific information during the administrative proceedings to support that position. The SO mailed account transcripts for taxable years 1998, 2000, 2003, 2004, and 2005 to petitioners after the CDP hearing.  The record does not reflect whether petitioners responded to the SO regarding the mailed account transcripts.

On May 20, 2010, respondent mailed petitioners a notice of determination sustaining the proposed levy action.  Petitioners timely filed a petition with the Tax Court, seeking to dispute their underlying tax liabilities and requesting an OIC.  Mr. Delano argues that the transcript for 2004 does not reflect all payments made.  Respondent denies that the transcript reflecting the balance due for 2004 is incorrect.

---

[2]The Federal income tax returns that the SO referred to are for taxable year 2005 for Theresa S. Delano and taxable years 2006, 2007, and 2008 for both petitioners.

Respondent asserts that as a matter of law he is entitled to summary judgment in that (1) the existence and amounts of the tax liabilities are correct and (2) he did not abuse his discretion in denying collection alternatives because Mr. Delano did not provide financial information or documentation. Petitioners object to respondent's motion for summary judgment.

## Discussion

Summary judgment serves to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). We may grant summary judgment only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Respondent, as the moving party, bears the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. See FPL Group, Inc. & Subs. v. Commissioner, 115 T.C. 554 (2000); Bond v. Commissioner, 100 T.C. 32, 36 (1993); Naftel v. Commissioner, supra at 529. In deciding whether to grant summary judgment, the factual materials and the inferences drawn from them must be considered in the light most favorable to the nonmoving party. See FPL Group, Inc. & Subs. v.

Commissioner, supra; Bond v. Commissioner, supra at 36; Naftel v. Commissioner, supra at 529.

Standard of Review

Where the underlying liability is properly at issue, we review the Commissioner's determination de novo; where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioners may prove abuse of discretion by showing that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007). When a hearing officer is unable or refuses to consider collection alternatives because of a taxpayer's failure to provide financial information, courts have held that there was no abuse of discretion. Schwersensky v. Commissioner, T.C. Memo. 2006-178; see also Lance v. Commissioner, T.C. Memo. 2009-129.

The Appeals officer's determination must take into consideration (a) the verification that the requirements of any applicable law or administrative procedure have been met, (b) issues raised by the taxpayer, and (c) whether any proposed collection action balances the need for the efficient collection

of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. See sec. 6330(c)(3).

Underlying Tax Liability

Petitioners did not receive a notice of deficiency for the years at issue and had no prior opportunity to raise the issue of the existence or amounts of the underlying tax liabilities before the CDP hearing. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Montgomery v. Commissioner, 122 T.C. 1 (2004); see Sego v. Commissioner, supra at 609; see Goza v. Commissioner, supra at 180-181. There is no dispute in this case that Mr. Delano properly raised the underlying tax liabilities at the CDP hearing, and accordingly we review the determination de novo.

Mr. Delano stated at the CDP hearing that he expected a third party to make payments on the 2004 liability, which would result in a smaller balance due for that year. As indicated, the SO mailed petitioners the account transcripts for taxable years 1998, 2000, 2003, 2004, and 2005 on May 3, 2010. Respondent requested during the administrative proceedings that petitioners provide documents to show any additional payments they believe

were made for the 2004 liability that were not reflected in the transcript. Petitioners did not provide documentation during the administrative proceedings to show that any additional payments should have been applied to the outstanding tax liabilities. Nor did Mr. Delano assert in response to the pending motion that he had any evidence to support the claim that additional payments were made on the 2004 liability. Mr. Delano conceded at the hearing that he had no documentation to substantiate any alternative or additional payments toward his tax liabilities that were not already reflected in the amounts due. There is no genuine issue of material fact regarding the underlying tax liabilities, and respondent is entitled to judgment as a matter of law on this issue.

Collection Alternative

A taxpayer may raise collection alternatives that may include an installment agreement or an OIC. Secs. 6320(c), 6330(c)(2)(A)(iii). An OIC is authorized under section 7122(a). Taxpayers who wish to propose an OIC must submit a Form 656, Offer in Compromise. See Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005). No statutory or regulatory provision requires that taxpayers be afforded an unlimited opportunity to supplement the administrative record. Roman v. Commissioner, T.C. Memo. 2004-20. The statute requires only that a taxpayer be given a

reasonable chance to be heard before the issuance of a notice of determination.  Id.

Petitioners failed to provide the SO the required financial information during the CDP hearing (the delinquent returns were not filed, and petitioners did not submit Form 433-A). Respondent sustained the proposed levy and issued a notice of determination to petitioners on May 20, 2010, because the requested documents had not been submitted.

It is not an abuse of discretion to reject an OIC because of a lack of necessary financial information during a CDP hearing. Schwersensky v. Commissioner, supra; see also Lance v. Commissioner, supra.  Petitioners have not shown that respondent's determination to proceed with the levy because of petitioners' unpaid tax liabilities for 1998, 2000, 2002, 2003, and 2004 and failure to submit the Form 433-A was arbitrary, capricious, or without sound basis in fact or law.  There are no genuine issues of material fact remaining, and respondent is entitled to judgment as a matter of law.[3]

To reflect the foregoing,

An appropriate order and

decision will be entered.

---

[3]Petitioners requested additional time to submit an OIC. Respondent agreed at the hearing that if the motion for summary judgment were to be granted, an OIC could still be considered if petitioners submitted the proper paperwork.